FILED
United States Court of Appeals
Tenth Circuit

**August 27, 2009**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

ANDRE LAJUAN MARSHALL,

Petitioner-Appellant,

v.

JUSTIN JONES, Director,

Respondent-Appellee.

No. 09-5052

Northern District of Oklahoma

(D.C. No. 4:05-CV-00033-TCK-PJC)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Andre Lajuan Marshall, a state prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the district

court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28

U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Marshall has failed to

make "a substantial showing of the denial of a constitutional right," we deny his

request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

## Background

On July 8, 2001, police officers stopped a vehicle in Tulsa, Oklahoma,

because the vehicle's driver was not wearing a seatbelt. After finding marijuana

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

on the floorboard of the vehicle, the police arrested the car's driver and his passenger, and began a search of the vehicle. A crowd of onlookers soon gathered, including Andre Marshall. At some point, the police officers heard gunshots fired and exchanged gunfire with the shooter, who attempted to flee. Mr. Marshall was shot twice by the police during this altercation. A witness saw him discard clothing and attempt to seek shelter in various homes and a car in the neighborhood. When one area resident returned home to discover Mr. Marshall lying on his couch, uninvited and bleeding, wearing only boxer shorts and socks, he flagged down a police car and directed officers to Mr. Marshall. Although Mr. Marshall claimed to be an innocent victim, the police concluded that he was the shooter who had fired at the officers. Mr. Marshall was found guilty by a jury on five counts, including two counts of shooting with intent to kill, and sentenced to thirty years' imprisonment.

Mr. Marshall appealed to the Oklahoma Court of Criminal Appeals (OCCA) and asserted eight propositions of error. The OCCA found merit to two of Mr. Marshall's claims, and reversed his convictions on Assault with a Dangerous Weapon and Entering a Building with Unlawful Intent. The OCCA rejected the remainder of Mr. Marshall's claims on the merits, leaving intact his convictions for shooting with intent to kill, as well as his sentence. Mr. Marshall then filed an application for post-conviction relief in state district court, alleging that his appellate counsel was ineffective for failing to raise claims that his trial counsel

was ineffective. After the state district court denied relief, Mr. Marshall appealed to the OCCA. The OCCA also rejected Mr. Marshall's claims. It first noted that "[a]ll issues that could have and should have been previously raised are waived and may not be the basis of a post-conviction application." R. 232. It then explained that Mr. Marshall could not avoid this procedural bar merely by arguing that his counsel failed to advance certain claims on appeal. The OCCA concluded that Mr. Marshall had failed to demonstrate that his counsel's performance was deficient, because he could not show that the outcome of his trial or appeal would have been different had his appellate counsel raised these claims. *Id.* Finally, the OCCA rejected any attempt by Mr. Marshall to overcome the procedural bar on the basis of a factual innocence showing. *Id.*

Mr. Marshall next filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. In his brief, he asserted seven grounds for relief: (1) the evidence was insufficient to sustain his conviction for shooting with intent to kill; (2) his conviction for possession of a firearm after a former felony conviction violated double jeopardy; (3) a police officer's testimony about the crowd of onlookers wearing "gang colors" denied Mr. Marshall a fair trial; (4) the trial court's failure to instruct the jury that under Oklahoma law, Mr. Marshall would have to serve 85% of his sentence before becoming eligible for parole; (5) prosecutorial misconduct denied Mr. Marshall a fair trial; (6) aggregate error warranted

reversal of Mr. Marshall's conviction or modification of his sentence; (7) Mr. Marshall was denied effective assistance of counsel.

In a thorough and well-reasoned analysis, the district court rejected Mr. Marshall's first six claims on the merits and his ineffective assistance claim as procedurally barred. The district court further concluded that Mr. Marshall could show neither "cause and prejudice" such as would excuse his procedural default, nor that a fundamental miscarriage of justice would result from application of the procedural bar. Dist. Ct. 21–22. Mr. Marshall now seeks a COA enabling him to proceed further on appeal.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Although Mr. Marshall need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than

-4-

the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

Having undertaken a review of Mr. Marshall's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. We have little to add to the district court's able discussion of the issues raised in Mr. Marshall's § 2254 motion. Because the district court's resolution of Mr. Marshall's habeas petition is not reasonably subject to debate, his claims are not adequate to deserve further proceedings.

## Conclusion

Accordingly, we **DENY** Mr. Marshall's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge